ERIC S. SMITH, Bar No. F 0157
SMITH & WILLIAMS
Attorneys at Law
P.O. Box 5133 CHRB
Saipan MP 96950
Tel:   233-3334
Fax:   233-3336

Attorneys for Plaintiff

FILED
Clerk
District Court

NOV - 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELO M. LABORCE,<br><br>Plaintiff,<br><br>v.<br><br>S-WON INC., P&S, INC., YOUNG KYUN KIM, JOHN GERALD PANGELINAN, DANIEL MUNA QUITUGUA, DARREL MUNA QUITUGUA and JOE CRISOSTOMO,<br><br>Defendants. | Civil Action No. 05-0036<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

### Jurisdiction and Venue

1. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

2. Plaintiff is a citizen of the Republic of the Philippines and Defendants are citizens of the United States and Korea.

3. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Because the CNMI is the venue in which Plaintiff resides as well as the place where the tortious injury occurred, and because the Defendants are subject to personal jurisdiction therein, venue is properly placed in the CNMI pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff Angelo M. Laborce is a citizen of the Republic of the Philippines and a resident of Saipan, Commonwealth of the Northern Mariana Islands.

6. Defendant S-Won, Inc. ("Defendant "S-WON"), is a corporation organized and existing in the Commonwealth of the Northern Mariana Islands doing business in the island of Saipan.

7. Defendant P&S, Inc. (Defendant "P&S"), is a corporation organized and existing in the Commonwealth of the Northern Mariana Islands doing business in the island of Saipan.

8. Defendant Young Kyun Kim (Defendant "KIM") upon information and belief, is a Korean citizen and at all times relevant herein, was a resident of Saipan, Commonwealth of the Northern Mariana Islands.

9. At the time of the accident, Defendants S-WON and P&S owned and operated a poker business establishment in the island of Saipan named the "Capitol Poker".

10. Plaintiff was employed as a security guard by S-Won Corporation assigned at the Capitol Poker.

11. At all relevant times, Defendant KIM is the sole shareholder of S-WON, INC.

12. Defendant John Gerald Pangelinan (Defendant "JOHN") upon information and belief, is a U.S. citizen and a resident of Saipan, Commonwealth of the Northern Mariana Islands.

13. Defendant Daniel Muna Quitugua (Defendant "DANIEL") upon information and belief, is a U.S. citizen and a resident of Saipan, Commonwealth of the Northern Mariana Islands.

14. Defendant Darrel Muna Quitugua (Defendant "DARREL") upon information and belief, is a U.S. citizen and a resident of Saipan, Commonwealth of the Northern Mariana Islands.

15. Defendant Joe Crisostomo (Defendant "JOE") upon information and belief, is a U.S. citizen and a resident of Saipan, Commonwealth of the Northern Mariana Islands.

### FIRST CAUSE OF ACTION
**Failure to Obtain Workers Compensation Insurance**
**(Against Defendants S-WON and P&S)**

16. Plaintiff adopts and realleges paragraph numbers 1 to 15 as if they are fully set forth herein.

17. On April 19, 2004, at approximately 5:00 a.m., Plaintiff was working as a security guard for his employer Defendant S-WON at Capitol Poker.

18. At about the same date and time, Defendant JOHN entered the Capitol Poker armed with a gun.

19. Defendant JOHN approached the cashier booth and demanded money from Plaintiff.

20. Defendant John then proceeded to the door of the cashier booth demanding of Plaintiff that it be opened.

21. Plaintiff was standing behind the door of the booth securing the lock to the door.

22. Using the gun, Defendant JOHN shot the door lock and entered the booth.

23. Defendant JOHN took money from the cashier booth in the immediate vicinity of Plaintiff.

24. Plaintiff was hit by the gunshot causing extensive injury to his hand.

25. After stealing the money, Defendant JOHN fled the scene with his accomplices Defendants DANIEL, DARREL AND JOE.

26. At the time of the burglary/robbery, Plaintiff was working under the course and scope of Plaintiff's employment with Defendants S-WON and P&S.

27. Because Plaintiff's injury arose out of and in the course of his employment with Defendants S-WON and P&S, he is entitled to compensation under 4 CMC

3

1 §9301, *et seq.*, the Workers Compensation Law.

28. Pursuant to 4 CMC §9301 *et seq,* an employer is required to acquire worker's compensation insurance for each of its employees, to assure benefits to the employees if they are injured while at work.

29. Defendants S-WON and P&S failed to obtain a workers compensation insurance for the benefit of Plaintiff.

30. As a result of Defendants S-WON's and P&S's failure to obtain workers compensation insurance, Plaintiff was deprived of the benefits that he is entitled for his injuries, damages, and disabilities sustained from the robbery incident.

31. 4 CMC § 9305 provides that:

> Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this chapter, is the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of such other employee's employment; provided that, if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death resulted from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or for damages on account of such injury or death. In such action, the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.

32. Pursuant to 4 CMC § 9305, Plaintiff hereby elects through this action to claim for compensation for his injuries and requests for a findings and conclusion of law that Defendants S-WON and P&S may not plead as a defense that Plaintiff assumed the risk of his employment nor that the injury was due to the contributory negligence of Plaintiff.

33. Plaintiff is therefore entitled to special and general damages against Defendants S-Won and P&S in an amount to be determined at trial.

4

## SECOND CAUSE OF ACTION
**Personal Liability of Defendant KIM for S-WON's Liability**
**(Against Defendant KIM)**

34. Plaintiff adopts and re-alleges paragraphs numbers 1 to 33 as if they are fully set forth herein.

35. Upon information and belief, Defendant KIM, as the sole shareholder of Defendant S-WON has abused S-WON's corporate entity unjustly and unfairly to the detriment of Plaintiff.

36. Upon information and belief, Defendant KIM's abuse of S-WON's corporate form include undercapitalization, failure to observe corporate formalities, nonpayment of dividends, siphoning of corporate funds, non functioning of officers or directors, absence of corporate records, use of the corporate form as a facade for the operations of Defendant KIM as the sole stockholder and use of the corporate form in promoting injustice.

37. Defendant's abuse of S-WON's corporate form has resulted in a unity of interest and ownership in the corporation to the point that the separate personalities of the corporation and Defendant KIM no longer exist such that the actions of Defendant KIM can no longer be treated as those of the corporation alone because an inequitable result will result.

38. Plaintiff is therefore entitled to special and general damages against Defendant KIM in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
**Assault & Battery**
**(Against Defendants JOHN, DANIEL, DARREL & JOE)**

39. Plaintiff adopts and realleges paragraph numbers 1 to 38 as if they are fully set forth herein.

40. On or about April 29, 2004, Defendants JOHN, DANIEL, DARREL and JOE conspired to burglarize and steal money from Capitol Poker and intended to harm

5

|   |     |                                                                                          |
|---|-----|------------------------------------------------------------------------------------------|
| 1 |     | anyone who was in their way in the furtherance of their criminal conspiracy.             |
| 2 | 41. | As a result of this conspiracy, Defendant JOHN entered the Capitol Poker with a gun and demanded money from Plaintiff. |
| 4 | 42. | When he saw that the cashier booth was locked, Defendant JOHN shot the lock injuring Plaintiff in the process. |
| 6 | 43. | Defendant JOHN fled the Capitol Poker with accomplices DANIEL, DARREL and JOE. |
| 8 | 44. | Plaintiff's injury was a direct and proximate result of Defendants' assault and battery and armed robbery against Plaintiff. |
| 10 | 45. | As a direct and proximate result of Defendants' assault and battery and armed robbery to Plaintiff, Plaintiff sustained severe and extensive injuries to his hand. |
| 12 | 46. | By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial. |

### FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against Defendants JOHN, DANIEL, DARREL & JOE)

| 17 | 47. | Plaintiff adopts and realleges paragraph numbers 1 to 46 as if they are fully set forth herein. |
|----|-----|--------------------------------------------------------------------------------------------------|
| 19 | 48. | On or about April 29, 2004, Defendants JOHN, DANIEL, DARREL and JOE conspired to burglarize and steal from Capitol Poker and intended to harm anyone who was in their way. |
| 22 | 49. | As a result of this conspiracy, Defendant JOHN entered the Capitol Poker with a gun and demanded money from the Plaintiff. |
| 24 | 50. | When he saw that the cashier booth was locked, Defendant JOHN shot the lock injuring Plaintiff in the process. |
| 26 | 51. | Defendant JOHN fled Capitol Poker with accomplices DANIEL, DARREL and |

JOE.

52. At all times during the armed robbery, Defendants conduct was extreme, outrageous and dangerous causing fear and emotional distress upon Plaintiff.

53. Plaintiff was in serious shock and distress after the robbery.

54. As a direct and proximate result of Defendants' assault and battery and armed robbery, Plaintiff suffered emotional distress and trauma.

55. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

## *PRAYER*

WHEREFORE, Plaintiff requests judgment jointly and severally against Defendants S-WON, P&S and KIM as follows:

    a. For general damages in the amount to be determined at trial;

    b. For Defendants S-WON's and P&S's failure to obtain worker's compensation insurance as required by law in the amount to be determined at trial; and

    c. For special damages by finding that Defendant KIM has treated this corporation as an alter ego such that the Court finds Defendant KIM jointly and severally liable for all damages awarded by this Court.

    d. For costs and attorney fees; and

    e. For such other and further relief as the Court may deem proper.

expenses in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants JOHN, DANIEL, DARREL AND JOE, jointly and severally as follows:

    a. For Plaintiff's general and special damages as a result of Defendants' intentional infliction of physical harm upon Plaintiff;

  b. For Plaintiff's general and special damages as a result of Defendants' intentional infliction of emotional distress upon Plaintiff;

  c. Cost of this action and attorney's fees; and

  d. Such other and further relief as the Court deems proper.

Dated: November 4, 2005

           _____
           ERIC S. SMITH
           Attorney for Plaintiff

### Verification of Complaint

I, Angelo M. Laborce, hereby verify that the factual allegations contained in the foregoing Complaint are true and accurate to the best of my knowledge, information and belief.

DATED this 4 day of November, 2005.

           _____
           Angelo M. Laborce, Plaintiff

### Jury Demand

Please take notice that, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in the above-entitled action.

DATED this 4th day of November, 2005.

           _____
           Eric S. Smith
           Attorney for Plaintiff

8