FILED
Clerk
District Court

UNITED STATES DISTRICT COURT

JAN -9 2006

FOR THE NORTHERN MARIANA ISLANDS

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ANGELO M. LABORCE,   Civil Action No: 05-0036
    Plantiff,

v.

S-WON INC et al.,
    Defendants.
_____/

## MOTION TO DISMISS
## OR IN ALTERNATIVE FOR SUMMARY JUDGEMENT

COMES NOW, Defendant, Darrel M. Quitugua, Pro-se, hereby respectfully moving this honorable court to dismiss or in alternative grant summary judgement in favor of Defendant Quitugua.

### Statement of The Case

In summary Plantiff alleges that on April 19, 2004 he was working as a security guard at Capitol Poker for his employer S-WON when Defenadnt John approched the casheir booth and demanded money from Plantiff. Defenadnt John then proceeded to the door of the casheir booth demanding of Plantiff that it be opened while Plantiff was standing behind the door of the booth securing the lock to the door. Using the gun Defendant John shot the door lock entered the booth taking the money from the casheir booth. Plantiff was hit by the gunshot causing injury to his hand. After stealing the money Defendant John fled the scene with accomplishes defendants Daniel, Joe and DARREL. In Plantiff complaints he seeks money danages claiming Failure to Obtain Workers Compensation Insurance against Defendants S_WON and P&S, Personal Libility of Defenadnts KIM for S-WON Liability, Assualt & Battey against DefendantsJOHN, DANIEL, DARREL & JOE as well as Intentional Inflict-

PAGE-1

ion of Emotional Distress.

## ARGUMENT

A motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., should be granted if "it appears beyond doubt that the Plantiff can prove no set of facts in support of his claim which would entitle him to relief. Broam v. Bogan, 320 F.3d 1023(9th Cir. 2003. In making this decision the Court must "treat all well-pleaded allegations in the complaint as true." Id. It is not, however, required to "accept as true legal conclusions or unwarranted factual inferences.

Alternatively, relying on the materials submitted by defendants, this Court could grant summary judgement. The entry of summary judgement is proper only "if the pleadings, deposition, answer to interogatorries and admission on file, together with the affadavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." See Fed.R.Civ.P 56(c). In determining whether summary judgement should issue, the facts and inferences from these facts are viewed in light most favarable to the non-moving party and the burden is placed on the moving party establish both the abcense of a genuine issue of material fact and that it is entitled to judgement as a matter of law. See Fed.R.Civ.P 56(c); Matsushita Eletric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87(1986): Anderson v. Liberty Lobby Inc, 477 U.S. 242,247 (1986): Celotex Corp v. Catreett, 477 U.S. 317,322(1986).

Once the moving party has met this burden, however, the non-moving party may not rest on the allegations in it's pleadings

but by affadavit and other evidence must set forth specific facts showing that a genuine issue of material facts exists. Fed.R.Civ.P. Rule 56(e). To meet this burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgement." Anderson, 477 U.S. at 257(1986). Thus, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"

### Plantiff Complaint Should Be Dismissed

Plantiff alleges that the actions of defenadnt JOHN and accomplices defendants DANIEL, DARREL & JOE was the direct result of assualt and battery suffering severe injuries to his hand which caused fear and emotional distress after the robbery.

Defenadnt DARREL QUITUGA begans contending that he has been incarcerated for a substantial period of time and he is indigent. Defendant DARREL also contends, and as the Plantiff facts allegge that he did not fire the gun which resulted in PLantiff injury, plan or instruct defenadnt JOHN firing of the gun. Again Defendant DARREL did not fire this gun which resulted to Plantiff injury and Defendant JOHN did not purposely shot Plantiff, his actions shooting the door lock act was not intented to do injury to Plantiff or cause him harm in any way.
Furthermore Defendant DARREL QUITUGUA was cleared and not convicted or prosecuted for this charge which constitutes dismissal. Plantiff fails to plead any facts showing that Defendant DARREL QUITUGUA intentionally intended to cause him harm. Without the requisite showing intent to harm, PLantiff's assualt and battery claim

PAGE-3

fails and should be dismissed.

## CONCLUSION

For all of the foregoing reasons, defendant respectfully requests Plantiff's claims be denied and this matter be dismissed with prejudice or, in alternative, that judgement be entered in favor of defendant.

Respectfully submitted,

Dated this 20 day of DeC 2005   Signature: _____

Darrel Quitugua #00405-005
FCI Sheridan
P.O. BOx 5000
Sheridan, OR 97378

PAGE -4

CERTIFICATE OF SERVICE BY MAIL

I, Darrel Quitugua, hereby certify that on this __20th__ day of __December__, __2005__, I mailed a true and correct copy of the foregoing:  MOTION TO DISMISS  OR IN ALTERNATIVE FOR SUMMARY JUDGEMENT

to the following individual(s):

Eric S. Smith
Attorney at Law
P.O. Box 5133 CHRB
Saipan MP 96950

by U.S. Postal Service, postage prepaid.*

__Darrell Quitugua__

__00405-005__
Register No.
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378-5000

* Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to the court clerk. Houston v. Lack, 487 U.S. 266 (1988).

CERTIFICATE OF SERVICE BY MAIL