F I L E D
Clerk
District Court

JAN 2 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ERIC S. SMITH
SMITH & WILLIAMS
Attorneys at Law
P.O. Box 5133
Saipan MP 96950
Tel:    233-3334
Fax:    233-3336

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELO M. LABORCE,<br><br>Plaintiff,<br><br>v.<br><br>S-WON INC., P&S, INC., YOUNG KYUN KIM, JOHN GERALD PANGELINAN, DANIEL MUNA QUITUGUA, DARREL MUNA QUITUGUA and JOE CRISOSTOMO,<br><br>Defendants. | Civil Action No. 05-0036<br><br>**RESPONSE TO MOTION TO DISMISS OR IN ALTERNATIVE FOR SUMMARY JUDGMENT**<br><br>**Date: February 9, 2006**<br>**Time: 9:00 a.m.**<br>**Judge: Alex R. Munson** |

## DEFENDANT DARREL'S
## GROUNDS FOR DISMISSAL

Plaintiff, ANGELO M. LABORCE, by and through his counsel, Smith & Williams, responds to the Motion to Dismiss or in Alternative for Summary Judgment filed by Defendant Darrel M Quitagua (Defendant Darrel), and states:

Defendant Darrel brings this motion under Federal Rules of Civil Procedure, Rule 12(b)(6) stating his motion should be granted if Plaintiff cannot support his claim which would entitled him to relief. In support of his motion the Defendant Darrel correctly states that the Court must treat all well plead allegations in the Complaint as true. Based upon that

1

1  alone, as the Complaint states a cause of action for Assault and Battery and Intentional

2  Inflection of Emotional Distress, Defendant Darrel's motion should be denied.

3

4                        **FACTUAL ALLEGATIONS OF COMPLAINT**

5          The factual allegations of Paragraphs 40 through 46 of the Complaint state that on

6  or about April 29, 2004, Defendant Darrel and others entered into a conspiracy to burglarize

7  and steal money from the *Capitol Poker* and to harm anyone who interfered in the

8  furtherance of that criminal conspiracy.  That in furtherance of the conspiracy, one of the

9  conspirators, Defendant John Pangelinan entered the premises of *Capitol Poker* with a gun,

10 proceeded to rob the occupants of the establishment, used the gun in furtherance of the armed

11 robbery during which time the Plaintiff was injured when Defendant John Pangelinan fired

12 the gun into the cashier's door.

13         These factual allegations constituted a valid part of the claim against Defendant

14 Darrel. Liability for the damages flow in from the assault and battery and emotional trauma

15 inflicted on Plaintiff by Defendant John Pangelinan in furtherance of the criminal conspiracy

16 of which Defendant Darrel was an active participant is the responsibility of all the defendant

17 including Defendant Darrel.

18         Plaintiff seeks relief against Defendant Darrel for his gunshot injuries in an amount

19 to be proven at trial   The allegations of fact in the Complaint support the relief requested

20 because the shooting of the lock on the cashier's door which injured Plaintiff was in

21 furtherance of the Defendants conspiracy to burglarize *Capitol Poker* and to commit a felony

22 therein by robing the occupants of the business establishment by use of a deadly weapon.

23         The elements of an Assault and Battery in the Commonwealth of the Northern

24 Mariana Islands are: the unlawful striking, beating, wounding or otherwise committing

25 bodily harm to another, without the other persons consent.  6 CMC § 1202(a).  A battery is

26 any wilful and unlawful use of force or violence upon the person of another. *Restatement*

27 *of the law 2nd of Torts, §16; People v. Duchon,* 165 Cal. App. 2d 690, 332 P.2d 373 (1958).

28
                                           2

1  Wounding a person by firing a gun is a battery in the CNMI. An assault is an unlawful

2  attempt, to commit a violent injury on the person of another. 6 CMC § 1201(a); *Restatement*

3  *of the Law 2ⁿᵈ of Torts, §21; People v. Egan,* 91 Cal. App. 44, 266 P. 581 (1928). See 5

4  Witkin, Summary of California Law, 10ᵗʰ Edition, Torts § 381 et seq.. Every battery

5  includes an assault, and the defendant alleged to have committed an assault can be found

6  liable for that assault even though the evidence shows an actual battery. *People v. Heise,* 217

7  C. 671, 20 P.2d 317 (1938). If the batter takes place in the performance of an unlawful act,

8  the intent to injure is immaterial. The actor is answerable for all consequences that directly

9  and materially result, though unintended. *Restatement of the law 2ⁿᵈ of Torts, §16(1).*

10      The elements of the cause of action for an Intentional Infliction of Emotion Distress

11  requires a plaintiff to allege outrageous intentional or reckless conduct or unlawful acts of

12  the defendants which as a proximate result cause fear and sever emotional distress to the

13  Plaintiff all to Plaintiff's damage. 38 A.L.R. 4ᵗʰ 998. *Restatement of the Law 2ⁿᵈ of Torts,*

14  *§46.*

15      The alleged facts of the Complaint give notice to Defendant Darrel of the relief

16  sought and the facts under notice pleading in support of the grounds for relief.

17      The Federal Rules of Civil Procedure, Rule 8 requires only that the complaint

18  contain facts constituting a cause of action. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2

19  L.Ed. 2d 80 (1957); *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed. 2d 8 (1965).

20  The Complaint has a statement of jurisdictional grounds, a statement of the claim, and a

21  demand for judgment. Rule 8(a) has been satisfied. *Bautista v. Los Angeles County,* 216

22  F.3d 837 (9ᵗʰ Cir. 2000).

23

24  **DEFENDANT DARREL'S STATEMENT**
    **INTRODUCING ADDITIONAL FACTS**

25

    Seemingly, based upon Defendant Darrel moving papers, he believes that as he is

26  incarcerated and may be indigent, that those allegations are grounds for dismissal. However,

27

28

1  he has provided no support for such a theory and that theory is not supported by law.

2        The allegations of Defendant Darrel that he did not actually fired the gun that cause

3  the injury to Plaintiff and that the statement in his moving papers that neither Defendant John

4  Pangelinan nor Defendant Darrel intended to injure Plaintiff are not grounds for dismissal

5  nor grounds for a grant of summary judgement. Their intent is not an element of an assault

6  and battery upon which Plaintiff is bringing his cause of action.

7        Defendant Darrel further bases his motion on the fact that he was not convicted of

8  the crime of assault and battery and therefore, the civil cause of action of assault and battery

9  should be dismissed. No authority is given for this proposition and Plaintiff knows of none.

10

11                        **CONCLUSION**

12        The Complaint clearly alleges that Defendant Darrel participated in a burglary and

13  robbery during which Plaintiff was injured. These allegations state a claim on which relief

14  may be granted.

15        The Plaintiff requests that this Court deny the motion to Dismiss or in Alternative for

16  Summary Judgment in its entirety and that the Defendant Darrel be required to respond to

17  the Complaint immediately.

18

19      Dated: January 25, 2006

20

21

22

23                       ERIC S. SMITH
                         Attorney for Plaintiff

24

25

26

27

28

4