F I L E D
Clerk
District Court

FEB 1 4 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ANGELO M. LABORCE, | ) | Civil No. 05-0036 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER DENYING |
| | ) | DEFENDANT DARREL |
| S-WON, INC.;  P&S, INC.; | ) | M. QUITUGUA'S MOTION |
| YOUNG KYUN KIM; | ) | TO DISMISS OR, IN THE |
| JOHN GERALD PANGELINAN; | ) | ALTERNATIVE, FOR |
| DANIEL MUNA QUITUGUA; | ) | SUMMARY JUDGMENT |
| DARRELL MUNA QUITUGUA; | ) | |
| and, JOE CRISOSTOMO, | ) | |
| | ) | |
| Defendants | ) | |
| ————————————————— | ) | |

THIS MATTER is before the court on the motion of pro se defendant Darrel

Muna Quitugua's motion to dismiss the complaint against him or, in the alternative,

for entry of summary judgment in his favor.  By order dated January 26, 2006, the

court indicated it would decide the motion without oral argument.

AO 72
(Rev. 8/82)

1

2        Defendant Darrel Quitugua's motion to dismiss or, in the alternative, for

3    summary judgment is denied, for the following reasons.

4        Federal Rule of Civil Procedure 8 requires only a "short and plain statement of

5    the claim showing that the pleader is entitled to relief." The Rule contains "a

6    powerful presumption against rejecting pleadings for failure to state a claim." Auster

7    Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985). A motion to dismiss for

8    failure to state a claim upon which relief can be granted will succeed only if from the

9    complaint it appears beyond doubt that plaintiffs can prove *no* set of facts in support

10   of their claim that would entitle them to relief. Morley v. Walker, 175 F.3d 756, 759

11   (9th Cir. 1999) (emphasis added). All allegations of material fact are taken as true and

12   construed in the light most favorable to the non-moving party. Enesco Corp. v.

13   Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998).

14

15       Accepting the allegations of the complaint as true, the court finds that plaintiff

16   has properly pleaded causes of action for assault and battery and intentional infliction

17   of emotion distress against this defendant. *See*, for assault and battery, 6 N.Mar.I.

18   Code § 1202(a), Restatement (Second) of Torts § 16, and 7 N.Mar.I. Code § 3401,

19   and, for intentional infliction of emotional distress, Restatement (Second) of Torts §

20   46, and 7 N.Mar.I. Code § 3401.

21       Defendant's incarceration, indigent status, and claim that he did not fire the

22

23

24

25

26

2

gun which allegedly injured plaintiff during the armed robbery are irrelevant to the

issue before the court on this motion.

IT IS SO ORDERED.

DATED this 14th day of February, 2006.


_____
ALEX R. MUNSON
Judge

AO 72
(Rev. 8/82)